UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Miles,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>Warden Calvin Johnson, *et al.*,<br><br>　　　　　Defendant(s). | 2:23-cv-00719-MMD-MDC<br><br>Order |

　　　　Pending before the Court is *pro se* plaintiff's Motion to Extend Prison Copy Work Limit (ECF No. 18). The Court GRANTS the motion.

### **DISCUSSION**

　　　　Plaintiff is an incarcerated, indigent individual who seeks to increase his copy work limit. Plaintiff requests that in addition to his originals of all pleadings, motions and other documents in this case, he needs copies to serve upon Respondents per Federal Rule of Civil Procedure 5, and Local Rules 5–1 and 7–2. Inmates do not have a right to free, unlimited photocopying. *Johnson v. Moore*, 684 F.2d 517, 521 (9th Cir. 1991). However, the Ninth Circuit has determined that giving a prisoner access to copies required to file, serve opponents, and maintain a copy of the inmate's records, is reasonable. *Rowell v. Giannoue*, 2010 WL 1856076, at *1 (D. Nev. May 6, 2010) (citing *Gluth v. Kangas*, 951 F.2d 1504, 1510 (9th Cir.1991)  (upholding an injunction requiring the prison to allow a prisoner access to copywork as discussed above). While denying plaintiff's request would not result in plaintiff being unable to further pursue this litigation, it would be "needlessly draconian" to require plaintiff to copy all documents by hand. *Gluth*, 951 F.2d at 1510 (internal citations omitted). Therefore, the Court will grant the plaintiff's motion to extend his copy work limit; however, this extension is not open-ended. Plaintiff's privileges are limited to copies necessary to amend his complaint, file motions, serve opponents, and maintain a copy for [plaintiff's] records in this litigation alone. *See Vontress v. Nevada*, 2020 WL 917283, at *4 (D. Nev. Feb. 25, 2020) (citing *Rowell*, 2010 WL 1856076, at *1).

ACCORDINGLY,

IT IS ORDERED that plaintiff's Motion to Extend Prison Copy Work Limit (ECF No. 18) is GRANTED. The Nevada Department of Corrections shall allow plaintiff the copy work necessary to amend his complaint, file motions, serve opponents, and maintain one copy of his filings for his records for this litigation alone.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 21st day of May 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge